UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
SCHLESSINGER LAW OFFICES, P.A.                  )
1212 SE Third Ave.                              )
Fort Lauderdale, FL 33316,                      )
                                                )
                                                )      Civ. No.
                                                )
                        Plaintiff,              )
                                                )
            v.                                  )
                                                )
UNITED STATES FOOD AND DRUG                     )
ADMINISTRATION                                  )
10903 New Hampshire Ave.                        )
Silver Spring, MD 20993,                        )
                                                )
                        Defendant.              )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§

552–559, to obtain access to records in the possession of the United States Food and Drug

Administration ("FDA") regarding communications between the FDA and two tobacco

companies, the Santa Fe Natural Tobacco Company, Inc., and its parent company Reynolds

American, Inc.  In particular, this action aims to obtain access to any responses from the tobacco

companies to a warning letter the FDA had sent advising them that they were in violation of the

Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. §§ 301–399, for selling

tobacco products based on false claims that they presented a lower risk of disease or other

tobacco-related harms.  Plaintiff submitted a FOIA request for these records on October 1, 2015.

Despite the fact that FOIA itself establishes a statutory deadline for agencies to respond to

requests within twenty working days, *see* 5 U.S.C. § 552(a)(6)(A) more than five months later

the FDA has neither made any records available nor formally denied Plaintiff's request. The

FDA's failure to act within the statutory deadline is a violation of FOIA. Accordingly, Plaintiff

seeks a Court Order compelling the agency to provide the requested information.

## JURISDICTION

2.      This Court has jurisdiction over this action and venue is proper in this district

pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff Schlesinger Law Offices, P.A. ("Schlesinger" or "the firm"), represents

clients that have been harmed by tobacco products, among other issues. Schlesinger was the

initial requester of the information at issue in this case.

4.      Defendant FDA is a federal agency within the United States Department of Health

and Human Services. Based on knowledge and belief, FDA has possession of the information

requested by Plaintiff.

## THE FREEDOM OF INFORMATION ACT

5.      "The basic purpose of FOIA is to ensure an informed citizenry, vital to the

functioning of a democratic society, needed to check against corruption and to hold the

governors accountable to the governed." *John Doe Agency v. John Doe Corp*., 493 U.S. 146,

152 (1989) (citations omitted).  FOIA was enacted to "permit access to official information long

shielded unnecessarily from public view," by creating a "right to secure such information from

possibly unwilling official hands." *EPA v. Mink*, 410 U.S. 73, 80 (1973).  "[D]isclosure, not

secrecy, is the dominant objective of the Act." *John Doe*, 493 U.S. at 152 (citation omitted).

Upon request, FOIA requires agencies of the federal government to conduct a reasonable search

for requested records and release them to the public, unless one of nine specific statutory

exemptions applies.  5 U.S.C. § 552(a)(3), (b).

6.      Upon receiving a FOIA request, an agency has twenty working days to respond. *Id.* § 552(a)(6)(A).  A requestor has exhausted administrative remedies "if the agency fails to comply with the" twenty-day deadline.  *Id.* § 552(a)(6)(C)(i).  In that event, FOIA authorizes the requester to invoke the jurisdiction of a federal court to obtain the requested records.  *Id.* § 552(a)(4)(B).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

7.      On August 27, 2015, the FDA issued a warning letter to the Santa Fe Natural Tobacco Company, Inc., advising the company that it was in violation of the Federal Food, Drug, and Cosmetic Act ("FD&C Act"), 21 U.S.C. §§ 301–399, for selling "adulterated" tobacco products that falsely suggest "that the products present a lower risk of tobacco-related disease or are less harmful than one or more other commercially marketed tobacco products."  Letter from Ann Simoneau, Director, Office of Compliance and Enforcement, Center for Tobacco Products, U.S. Food & Drug Administration, to Michael Little, President, Santa Fe Natural Tobacco Company, Inc. (Aug. 27, 2015) (available at http://www.fda.gov/ICECI/EnforcementActions/ WarningLetters/2015/ucm459778.htm) [hereinafter FDA Warning Letter].  The FDA's letter provided the tobacco company with 15 working days in which it could respond either by describing its "corrective actions, including the dates on which [it] discontinued the violative promotion, advertising, sale, and/or distribution of these tobacco products and [its] plan for maintaining compliance with the FD&C Act" or by offering "reasoning and any supporting information" why the companies may believe that their products were not in violation of the FD&C Act.  *Id.*

8.      On October 1, 2015, Plaintiff formally submitted a FOIA request using FDA's

online submission form for FOIA requests, and the FDA confirmed receipt via electronic mail.

That request was for any responses from the Santa Fe Natural Tobacco Company, Inc., or from

its parent company Reynolds American, Inc., regarding the FDA's August 27, 2015 warning

letter.  On October 6, 2015, the FDA again confirmed receipt of this request and stated that it

would respond "as soon as possible."  On October 20, 2015, Plantiff clarified the scope of the

FOIA request both by telephone and electronic mail.

9.      On October 21, at 9:45 AM, an FDA official stated in an email that the agency

could not "give [] an exact date when we will finish processing your request" and stated that the

agency may "not be able to process the request for at least 4-5 months."  At 6:06 PM on the same

date, the same FDA official stated in another email that the agency "will now process the request

as a denial" based on 5 U.S.C. § 552(b)(7)(A) and (b)(7)(E).  That email did not advise Plaintiff

of any right to an appeal.

10.     After over two months of silence from the FDA, on January 12, 2016, Plaintiff

sent an email requesting that the FDA "[p]lease send [] the formal denial of the request."  The

FDA responded the same day, reversing its position and stating that "[a]fter further discussion

and review, we will not issue a full denial."  Instead, the FDA stated that responsive records were

"currently in the Predisclosure notification process," that the agency was "waiting to hear back

from the firm on our redactions," and that Plaintiff could "expect our response within a few

weeks."

11.     On January 20, 2016, Plaintiff sent an email requesting "more specifics" on when

the FDA would issue a response.  The FDA did not respond until January 27, 2016, at which

point an FDA official stated via email that she was "hopeful that it would be a few weeks."

12.     On February 11, Plaintiff emailed again to ask the FDA to "please let me know

the status of our FOIA request." Once again facing silence from the FDA, Plaintiff sent another email on February 17, 2016 asking that the FDA state "when we can expect this information."

13.     On February 17, 2016, the FDA sent Plaintiff's firm and email stating that it was "still working on processing this request" and stating that it did "not have an estimated processing date for this request at this time."

14.     Five months have elapsed since the FDA originally confirmed receipt of Plaintiff's FOIA request. The FDA has neither divulged any records in response nor formally denied the request. Although the agency did once state that it would deny the request, it never formally did so, and instead reversed its course, suggesting that it would respond but failing to offer any deadline for any response, despite Plaintiff repeatedly requesting information on the timing of FDA's response.

15.     The FDA has not made any determination regarding Plaintiff's FOIA request, nor has it provided Plaintiff with the requested documents. The FDA's failure to make any determination within FOIA's statutory deadline is a violation of the statute.

## PLAINTIFF'S CLAIM FOR RELIEF

(October 1, 2015 FOIA Request)

16.     Plaintiff hereby incorporates by reference the allegations of all the foregoing paragraphs as if fully set forth herein.

17.     By failing to search for and produce all non-exempt records responsive to Plaintiff's October 1, 2015 FOIA request within the time frame required by FOIA, the FDA has violated and continues to violate federal law. 5 U.S.C. § 552(a)(6)(A).

18.     Plaintiff has a right to obtain the requested records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.      Declare that the FDA is in continuing violation of FOIA;

2.      Order FDA to search for and release to Plaintiff all records, and parts of records, responsive to Plaintiff's FOIA requests;

3.      Award Plaintiff its costs and attorneys' fees; and

4.      Award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted

/s/ William S. Eubanks II
D.C. Bar No. 987036
Meyer Glitzenstein & Eubanks LLP
245 Cajetan Street
Fort Collins, CO 80524
(970) 703-6060 / (202) 588-5049 (fax)
beubanks@meyerglitz.com

William N. Lawton
Pro hac vice application forthcoming
Meyer Glitzenstein & Eubanks, LLP
4115 Wisconsin Ave. NW, Suite 210
Washington, DC 20016
(202) 588-5206
nlawton@meyerglitz.com